MICHAEL MEYERS

4360 Muirwood Drive

Pleasanton, CA 94588

(925) 989-7775

Pro Se [*Plaintiff*]

FILED
MAY 3 0 2017
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

[*Oakland*]

| | |
|---|---|
| MICHAEL MEYERS<br><br>         Plaintiff(s),<br><br>    vs.<br><br>**CITY OF WALNUT CREEK**, a municipal corporation, and City of Hayward Police Department Officer **L. WALLACE**, individually, and **DOES 1** through **100**, jointly and severally,<br><br>         Defendant(s). | Case Number: **C17- 3090**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS, AND DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1341, and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the First, Fourth, and Fourteenth Amendments to the United States Constitution.

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*MEYERS v. City of Walnut Creek, et al.*

1

2. Venue is proper pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES AND PROCEDURE

3. Plaintiff is a citizen of the United States and a competent adult.

4. At all times mentioned herein, Defendants City of Walnut Creek Police Department Officer L. Wallace and DOES 1 through 100, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with the City of Walnut Creek Police Department ("WCPD"), and acted under color of state law. The Defendants named above and DOES 1 through 100 are sued in their individual capacities.

5. Defendant CITY OF WALNUT CREEK ("City" or CITY") is a public entity, duly organized and existing under the laws of the State of California, and is the employer of Defendant L. Wallace and DOES 1 through 100.

6. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 100 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same has been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as herein after described, and proximately caused injuries and damages to Plaintiff. Further, one or more DOE defendants was, at all material times, responsible for the hiring, training, supervision, discipline of other defendants, including the DOE Defendants.

8. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the

remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was jointly engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

9. The acts and omissions of all WCPD Defendants including the DOE Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the WCPD or, alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of policies, practices, and procedures that should have been in place.

10. At all material times, each WCPD Defendant acted under color of the laws, statutes, ordinances and regulations of the State of California.

11. This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

12. Plaintiff re-alleges each and every previous paragraph in this complaint, as though fully set forth herein.

13. On or about May 30, 2015, Meyers made his way to the Walnut Creek Art & Wine Festival held at Heather Farms Park in Walnut Creek at around 3pm. Later that evening, at around 6pm, Meyers went up to a vendor that he used to work for and asked if the owners were there today. The owners were not and so Meyers told them to tell the owners he had stopped by. As Meyers was leaving, he made a comment to someone filling out some paperwork at the booth to stay away because the vendor owners were shysters, as Meyers knew three complaints were made at the contractor's state license board. Meyers then walked about twenty feet away, still within the grounds of the festival.

14. About a minute or two later, one of the vendor employees approached Meyers and became verbal with him. Meyers told him to get away from him and the employee responded by saying some of the cops working at the festival were his friends. He then ran off.

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*MEYERS v. City of Walnut Creek, et al.*

15. About a minute or two later, Meyers found himself surrounded by five police officers, putting on their gloves. One officer got inches from his face and started questioning him about how much he had to drink that night, what time he got to the festival and where he had parked his car. Meyers was cooperative and answered the questions that the officers had asked but felt uncomfortable telling the officer the location of his car and so did not respond. Meyers was not drinking when the police officers approached him and was inside in the festival ground where alcohol was being sold.

16. At that point, the police officers administered the finger and eye test for sobriety and then declared Meyers was under arrest for public intoxication, even though he had not left the festival. As Meyers motioned his arms upwards in his disbelief, an officer jumped him from behind and slammed his body and face into the ground, wrenching on his arm as if to break it, also known as a leg sweep. Meyers was arrested and taken to Martinez Detention Facility in the back of a police car and spent the night in custody. He was never charged with a misdemeanor for public intoxication.

17. At all material times, Meyers was peaceful and cooperative. The police never administered a breathalyzer or blood test, nor asked him to put his hands behind his back. Meyers did not physically resist, insult, threaten, touch, batter, or assault any Defendant or fail to promptly obey any order at any time.

18. At all material times, and alternatively, the actions and omissions of each Defendant, were intentional, and/or wanton and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights.

19. As a direct and proximate cause of each Defendant's acts and/or omissions as set forth above, Plaintiff suffered and sustained the following injuries and damages, past and future, including, but not limited to:

    a. Economic damages, including, but not limited to, out of pocket expenses, medical expenses, and a variety of other economic harms and losses;

    b. Severe emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, loss of liberty, loss of enjoyment of life, embarrassment, anger, frustration, and annoyance;

      c. Lifelong physical injuries;

      d. All other legally cognizable special and general damages;

      e. Violations of federal constitutional rights; and,

      f. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, and as otherwise allowed under United States statutes, codes, and common law.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

20. Plaintiff re-alleges, and incorporates by reference, the allegations contained in each and every paragraph above, as though fully set forth herein.

21. By the actions and omissions described above, Defendant L. Wallace, and Does 1 to 100 violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the First, Fourth, and Fourteenth Amendments to the U.S. Constitution:

      a. The right to be free from government conduct and/or the exercise of discretion by a government official that is in retaliation and response to the exercise of free speech, as secured by the First and Fourteenth Amendments;

      b. The right to express criticism of the government and/or government officials and/or public employees and/or to question a public official or employee's job performance and/or to question a public employee as to the proper performance of their duties, as secured by the First and Fourteenth Amendments;

      c. The right to be free from unreasonable searches and/or seizures, as secured by the Fourth and Fourteenth Amendments;

      d. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth and Fourteenth Amendments;

      e. The right to be free from the use of unlawful and/or unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments; and,

      f. The right to one's liberty in bodily integrity, as secured by the Due Process Clause. *Winston v. Lee*, 470 U.S. 753 (1985); *Johnson v. Meltzer*, 134 F.3d 1393, 1397 (9th Cir. 1988) (citing *Albright v. Oliver*, 510 U.S. 266, 272 (1994)).

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*MEYERS v. City of Walnut Creek, et al.*

22. The failure to intervene, prevent, or stop the constitutional violations on the part of any individually named Defendant L. Wallace and/or DOE Defendants, and/or supervisors that were in a position to do so when any violations occurred, renders such Defendant(s) liable for any such violations.

23. Defendants' retaliatory exercise of discretion, and/or authority, by wrongfully invoking the awesome power of arrest and use of force (inter alia) in response to Plaintiff's expression of criticism and exercise of free speech, contravened Plaintiff's constitutional rights guaranteed by the First Amendment to the U.S. Constitution because the action would chill or silence a person of ordinary firmness from future First Amendment activity and Defendants' desire to cause the chilling effect was a but for cause of Defendants' action, for which Defendants are liable either directly or via their failure to intervene.

24. Any supervisors who failed to prevent the unconstitutional acts of any individually named or to-be-identified DOE Defendants and, thus, failed to properly supervise them, are liable directly and in their capacity as a supervisor.

25. The arrest and unreasonable and inappropriate force used on Meyers was done in violation of Plaintiff's federal constitutional rights, for which Defendants are liable either directly or via their failure to intervene. As a result, Plaintiff is entitled to damages, pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

26. As a proximate result of the foregoing wrongful acts, Meyers sustained injuries and damages, as set forth above, in ¶ 19. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

27. In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial against these individual Defendants; no punitive damages are sought directly against the CITY OF WALNUT CREEK.

## SECOND CAUSE OF ACTION

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

29. Plaintiff alleges, upon information and belief, the unconstitutional actions and/or omissions of the individually named WCPD Defendants herein were pursuant to the following customs, policies, practices and/or procedures of the WCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the CITY OF WALNUT CREEK and/or the WCPD:

    a. Failure to supervise and/or discipline officers for misconduct that results in the violation of citizens' civil rights; and/or,

    b. Failing to institute, maintain, or effectively administer an appropriate training regimen on subjects such as free speech rights and/or seizures of citizens and/or warrantless searches of persons and/or the use of force; and/or,

    c. The policy, habit, custom, or practice of: "If you criticize us, assert your rights, or say something we do not approve of, you can be subjected to force, detained, arrested, and taken to jail, and we will seek to have you criminally prosecuted," pursuant to which if a person in the CITY OF WALNUT CREEK criticizes an WCPD peace officer, asserts their rights, or makes any other remarks about the WCPD or an employee thereof disapproves of, the WCPD will effectuate or proximately cause the arrest of such person and/or will use force on such person; pursuant to this policy, habit, custom, or practice, the WCPD and/or the individual WCPD employee will thereafter actively seek to secure the filing of a criminal charge against the person they wrongfully arrested or wrongfully subjected to force. The officer seeks the filing of such charges with the belief and hope that such charges will silence the person and, further, that a conviction will prevent the person from suing for the false arrest or, if they used excessive force, for the injuries that were wrongfully inflicted by the officer. Tolerating or condoning this policy encourages officers to violate the constitutional rights of the CITY's citizens and/or visitors; and/or,

    d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and

COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND
*MEYERS v. City of Walnut Creek, et al.*

7

procedures described in this Complaint and in subparagraphs (a) through (c) above, when the need for such was obvious, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs.

30. In the alternative, upon information and belief, Defendant CITY OF WALNUT CREEK may have instituted policies or training addressing some or all the topics listed above, but has, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

31. The above-described customs, policies, practices, and/or procedures of the WCPD were a moving force and/or a proximate cause of the deprivations of Plaintiff's constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

32. Prior to the violations set forth in the paragraph above, Defendants CITY OF WALNUT CREEK and/or DOES 20-30 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline the individually named Defendants, DOES 1-19, and any other personnel under each supervisor Defendant's supervision, including DOE Supervisors, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

33. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, and supervise; and, the toleration of wrongful conduct by Defendant L. Wallace and DOE Defendants was a moving force and/or a proximate cause of the deprivations of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above in the First Cause of Action.

34. As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, polices, practices, and/or procedures of Defendant CITY OF WALNUT CREEK and DOES 20-30, or the lack of inadequacy thereof, Plaintiff sustained serious and permanent injuries and damages, and is entitled to damages, penalties, and costs as set forth above in ¶ 19, and is entitled to punitive damages against the individually named Defendants, in their individual capacities.

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*MEYERS v. City of Walnut Creek, et al.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Exemplary and punitive damages against the individual Defendants only, under 42 U.S.C. § 1983, in an amount according to proof and which is fair, just, and reasonable;

3. For all other damages, penalties, costs, and interest as otherwise may be allowed by federal law; and,

4. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial in this action on all claims for relief that are triable by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## INTRADISTRICT ASSIGNMENT

This action arose in the County of Contra Costa. Pursuant to Civil L.R. 3-2(c)(d), this action shall be assigned to the San Francisco Division or the Oakland Division.

Date: MAY 30 -2017    Sign Name: *Michael C Meyers*
      1:16 pm          Print Name: MICHAEL C MEYERS

**COMPLAINT FOR DAMAGES and JURY TRIAL DEMAND**
*MEYERS v. City of Walnut Creek, et al.*